A receiver must be appointed, and the injunction continued.

## CAMPBELL *vs.* DEWICK and HOWLAND.

1. The provisions of the various statutes governing the collection of taxes in the city of Elizabeth, stated and explained.

2. The act of March 4th, 1863, (*Pamph. L.* 109,) relative to the city of Elizabeth, was an amendment of the charter of March 13th, 1855, (*Pamph. L.* 217,) and did not repeal it except so far as its provisions were inconsistent with it; and a tax sale by virtue of the provisions of the act of 1855, for taxes levied in 1862, and in accordance with those provisions, is not inconsistent with the provisions of the act of 1863, providing for sales of taxes to be levied under it. Such tax was a lien, a right acquired, and the provision for sale was a remedy given, and expressly saved by the reservation clause; section 124, of the act of 1863.

3. An assessed tax in the city of Elizabeth is prior to a mortgage. A tax sale and a conveyance pursuant thereto, under the statutes governing the collection of taxes in that city, made subsequent to a mortgage upon the premises, where six months' notice is not given to the mortgagee, is liable to redemption by him.

4. Upon a foreclosure of the mortgage, the amount paid at a tax sale by one claiming under the tax sale, and interest, will form a lien prior to that of the mortgage. The land will be decreed to be sold free from the lien for taxes, and the purchaser at the tax sale will be paid first.

5. It is not necessary, in order to establish title to lands purchased at a tax sale, conducted by a constable as authorized by statute, to prove that the constable who conducted the sale was properly elected and sworn, and gave bond. The court will take judicial notice of the officers of the state.

6. The statute (*Nix. Dig.* 864,) and supplement (*Pamph. L.* 1869, *p.* 1238,) directing that recitals in a deed given by a public officer shall be *prima facie* evidence of the truth of the facts recited, do not at all affect the title

Campbell *v.* Dewick & Howland.

under the deed, but only change the rule of evidence as to the manner of proving the facts required to constitute a valid sale; and it applies where a deed given before the passage of the act is offered in evidence.

This suit was to foreclose a mortgage held by Campbell on lands in the city of Elizabeth, owned by Dewick. Howland was made a defendant as claiming title by tax sales, made for taxes assessed after the giving of the mortgage. Dewick did not answer. Howland answered, setting up two deeds under tax sales, by virtue of which he claimed to hold a title for a term of five hundred years, which was superior to the mortgage of the complainant, and could not be sold to satisfy it. The cause was heard upon bill, answer, and proofs.

*Mr. F. B. Chetwood,* for complainant.

*Mr. Magie,* for defendants.

THE CHANCELLOR.

The validity of the tax sale depends upon the construction of three acts relating to taxes in Elizabeth, and the effect that each of these acts has upon the other. The act of February 11th, 1847, (*Pamph. L.* 52) made taxes on lands in Elizabeth township a lien upon them, and authorized a sale, by warrant of the town committee to any constable of the township, for the stated term of years bid. It provided that the purchaser should enjoy the same for the term bid as against the owner, and all claiming under him; and that the assessment should be valid as against the lands, notwithstanding any omission or mistake of the name of the real owner in assessing the tax. The first city charter, approved March 13th, 1855, (*Pamph. L.* 217) provided that the act of 1847 should remain in force, substituting the words "mayor, treasurer, and clerk," for "town committee," and the word "city" for "township," and providing that the lands sold might be redeemed within two years by the owner, *mort-*

*gagee,* or claimant, by payment of the purchase money, and fifteen per cent. interest. The amendment of the charter,.of March 4th, 1863, (*Pamph. L.* 109) in section 124, enacted that all acts and parts of acts inconsistent with that act, should be thereby repealed, but that nothing therein contained should be construed so as to destroy, impair, or take away any right or remedy acquired or given by any act thereby repealed, and that all proceedings commenced under such former act should be carried out and completed as though that act had not passed. Section 83 provided that no mortgagee should be divested of his rights in said property, unless six months' notice, in writing, of such sale should have been given to him by the purchaser, but that nothing therein should impair the *lien* created by such sale. By this act it is provided that sales of lands for taxes shall be made by the city treasurer.

The taxes for which these sales were made, were levied in 1862, under the charter of 1855, but the sales were made in 1864, after the charter of 1863 was in force. The charter of 1863 was an amendment to that of 1855, and did not repeal it, except so far as its provisions were inconsistent with it. And a sale by virtue of the provisions of the act of 1855, and in accordance with them, is not inconsistent with the provisions of the act of 1863, providing for sales for taxes *to be* levied under it. Besides, the lien of this tax was a *right acquired,* and the provision for sale under it and the act of 1847 was a *remedy given* by those acts, and therefore are expressly saved by the reservation in the repealing clause. It was lawful for the officers chosen under the amended charter to issue the warrant, and the constable to execute it, as the remedy under the old charter. If there was any doubt that the act of 1847 authorized the sale of the title of the mortgagee, when not named in .the assessment, the provision of the act of 1855, that the mortgagee may redeem, puts that doubt at rest. Acts *in pari materia,* or upon the same subject matter, must be construed together as if parts of one act. And there could be no doubt as to

whose estate was intended to be sold by an act which pro-
vided that a mortgagee might redeem.

The provisions of the amended charter, requiring six
months' notice to a mortgagee, apply to all sales, as well those·
before the passage of that act as those after it. The words
would require that construction, and the justice and equity
of these provisions will not allow a court to give any con-
struction that shall restrict or narrow the plain natural
meaning of the words. The sale does not take away the
rights of the mortgagee, but the lien of the tax on the land
is preserved. And this lien is, according to the view above·
taken, prior to the mortgage. But when the notice has not
been given, and there is no proof that it has in this case, the
mortgagee has still the right to redeem by paying the pur-
chase money and interest. In equity, in a foreclosure suit
like this, the title of a purchaser at a tax sale, when the
right of redemption is not cut off, will be considered only as·
a lien to be discharged out of the proceeds of sale. And
when the tax lien is subsequent in time, although prior in
right, it will be more consistent with the principles of equity
in such proceedings to order the lands to be sold free from
the lien for taxes, and that the purchaser at the tax sale be
first paid.

It is not necessary, in such case, to prove that the consta-
ble who conducted the sale was properly elected and sworn,
and gave bond. It is never required in case of a deed by a
sheriff. The courts will take notice of the officers of the
state.

If it is necessary to prove the existence of the ordinance
authorizing the taxes for which this assessment and sale
were made, and I am inclined to hold that it is necessary,
the recital in the deed is sufficient proof. It recites that "in
and by an assessment of taxes, made according to law, to
raise the moneys *ordered to be raised* by the city council of
said city, in the year 1862, the sum of $7.70 was assessed
against Sarah Dewick."

The act for the better security of titles to lands sold by

sheriffs, (*Nix: Dig.* 864,) and the supplement to it, of April 2d, 1869, (*Pamph. L.* 1238) provides that the recitals in conveyances by sheriffs, or by authority of any public or *municipal* authority, shall be *prima facie* evidence of the truth of the recital. And although these acts are since the sale, they do not at all affect the title itself, but only change the rule of evidence as to the manner of proving the facts required to make a valid sale.

The result arrived at is, that the tax title of the defendant, Howland, as shown by the answer and evidence, is good, but subject to redemption by the complainant; and that the complainant is entitled to have the lands sold, free from the lien, upon paying the purchase money, interest, and costs of Howland, out of the proceeds of sale.